UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No. 8:08-cr-203-T-23TBM
 8:10-cv-685-T-23TBM

JEREMIAH LASTEVE CARSON
_____/

**O R D E R**

      Carson moves to vacate his sentence pursuant to 28 U.S.C. § 2255 (Doc. 1) and challenges the validity of his conviction for distribution of five grams or more of cocaine base, for which offense he serves 262 months. Rule 4, Rules Governing Section 2255 Cases, requires both a preliminary review of the motion to vacate and a summary dismissal "[i]f it plainly appears from the face of the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief . . . ." Accord Wright v. United States, 624 F.2d 557, 558 (5th Cir. 1980)[1] (The summary dismissal of a Section 2255 motion was proper "[b]ecause in this case the record, uncontradicted by [defendant], shows that he is not entitled to relief."); Hart v. United States, 565 F.2d 360, 361 (5th Cir. 1978) ("Rule 4(b) of § 2255 allows the district court to summarily dismiss the motion and notify the movant if 'it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief.'"). Carson's motion is time-barred.

---

[1] Unless later superseded by Eleventh Circuit precedent, a Fifth Circuit decision issued before October 1, 1981, binds this court. Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

Carson had one year to file his motion to vacate. "A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of (1) the date on which the judgment of conviction becomes final . . . ." 28 U.S.C. § 2255. Carson pleaded guilty pursuant to a plea agreement. (Doc. 19) Carson was sentenced and judgment was entered (Doc. 38) on January 29, 2009. Carson filed no appeal. For purposes of calculating the one-year statute of limitation, the conviction was final on February 12, 2009, which is ten days after entry of the judgment, excluding weekends and holidays as required by Rule 26(a)(2), Federal Rules of Appellate Procedure. See Adams v. United States, 173 F.3d 1339, 1343 n.2 (11th Cir. 1999) ("If a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence become final, and the statute of limitation begins to run, on the date on which the time for filing such an appeal expired."). Consequently, Carson's limitation expired one year later in February, 2010.

The envelope discloses that prison officials postmarked it the day after receipt on March 18, 2010. This date is considered the date of filing. See Houston v. Lack, 487 U.S. 266, 276 (1988) ("[T]he notice of appeal was filed at the time petitioner delivered it to the prison authorities for forwarding to the court clerk."), and Adams v. United States, 173 F.3d 1339, 1341 (11th Cir. 1999) (holding that a pro se prisoner's motion to vacate is deemed filed on the date it is delivered to prison authorities for mailing). Consequently, Carson commenced this case approximately one month too late.

Carson's motion to vacate and supporting memorandum contain a January date that would comply with the limitation deadline, however, Houston and Adams require

- 2 -

use of the date Carson delivered the documents to prison officials for mailing. If Carson has proof that he delivered the documents to prison officials on or before February 12, 2010, he should file a motion for relief from judgment pursuant to Rule 60(b), Federal Rules of Civil Procedure, in which he provides proof that this case is not time-barred. See Hughes v. Lott, 350 F.3d 1157, 1163 (11th Cir. 2003) (court should grant leave to amend if the plaintiff can show timeliness).

Accordingly, the motion to vacate pursuant to 28 U.S.C. § 2255 (Doc. 1) is **DISMISSED** as time-barred. The motion for extension of time is **DENIED** as moot. The clerk shall enter a judgment against Carson and close this case.

ORDERED in Tampa, Florida, on March 25, 2010.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE