**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**UNITED STATES OF AMERICA,**

       **Plaintiff,**

**v.**                                          **Case No. 8:08-cr-203-T-23TBM**

**JEREMIAH LASTEVE CARSON,**

       **Defendant.**

_____/

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court for a Report and Recommendation on Defendant's Application to Proceed Without Prepayment of Fees and Affidavit (Doc. 60), which is construed as a motion for leave to proceed on appeal without prepayment of fees/costs (the "Motion"). Defendant seeks to appeal the Court's Order (Doc. 58) denying his Motion to Compel for Specific Performance of Plea Agreement (Doc. 54). The government has not filed a response and the Court has determined that a response is unnecessary. As explained below, I recommend that the Motion be denied.

A.

Rule 24 of the Federal Rules of Appellate Procedure and 28 U.S.C. § 1915 govern the determination of applications to proceed *in forma pauperis* on appeal. *See Ex parte Chayoon*, 2007 WL 1099088, No. 6:06-cv-1812-Orl-19JGG (M.D. Fla. Apr. 10, 2007). Rule 24(a) of the Rules of Appellate Procedure provides in part:

> **(1) Motion in the District Court**. Except as stated in Rule
> 24(a)(3), a party to a district-court action who desires to appeal

in forma pauperis must file a motion in the district court. The party must attach an affidavit that:

> **(A)**   shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;

> **(B)**   claims an entitlement to redress; and

> **(C)**   states the issues that the party intends to present on appeal.

> **(2) Action on the Motion**.  If the district court grants the motion, the party may proceed on appeal without prepaying or giving security for fees and costs, unless a statute provides otherwise.  If the district court denies the motion, it must state its reasons in writing.

> **(3) Prior Approval**.  A party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:

> **(A)**   the district court – before or after the notice of appeal is filed – certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding, or

> **(B)**   a statute provides otherwise.

Fed. R. App. P. 24(a).  Similarly, § 1915 provides, in pertinent part:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor.  Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

2

*\*\**

An appeal may not be taken in forma pauperis if the trial court
certifies in writing that it is not taken in good faith.

28 U.S.C. § 1915(a)(1), (3).

Thus, two requirements must be satisfied for a party to prosecute an appeal *in forma pauperis*: (1) the party must show an inability to pay (or that the party previously was permitted to proceed in forma pauperis), and (2) the appeal must be brought in good faith.

B.

Regarding the first requirement, Defendant originally qualified for appointment of the Federal Defenders Office and later, for CJA counsel, who represented him through sentencing.  No direct appeal was taken.  Defendant now submits an Application to Proceed Without Prepayment of Fees and Affidavit.  (Doc. 60).  Instructions on the Application direct that prisoners, such as Defendant, "submit an affidavit stating all assets. . . . [and] attach a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months in [the prisoner's] institutional account."  (Doc. 60 at 2).  Defendant attaches an "Inmate Inquiry," which documents an account balance of $108.17; "Available Funds to be Considered for IFRP Payments" of $1,500.00; and a "National 6 Months Avg Daily Balance" of $49.75.  The document is not certified.  Nor does the information contained therein necessarily demonstrate Defendant's inability to pay the filing fee or portion thereof.

3

Even assuming that Petitioner is indigent, the Motion should be denied on substantive grounds.  Construed liberally,[1] any basis for appeal appears frivolous and thus the appeal is not brought in good faith.[2]  Here, Defendant seeks to appeal the Court's January 28, 2015 Order (Doc. 57) denying his Motion to Compel for Specific Performance of Plea Agreement (Doc. 54).  In his Notice of Appeal (Doc. 58), Defendant asserts no basis to appeal the Court's Order denying his Motion and he alleges no grounds which would support the same.  As for the rulings set forth in the challenged Order, on the facts considered and pleadings reviewed, there simply is no support for finding that the government breached the terms of the Plea Agreement or that there existed an adequate basis for seeking specific performance as urged in Defendant's Motion (Doc. 54).

The Plea Agreement provides that:

> If the cooperation is completed prior to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" in accordance with the policy of the United States Attorney for the Middle District of Florida, warranting the filing of a motion at the time of sentence recommending (1) a downward departure from the applicable guideline range pursuant to USSG § 5K1.1, or (2) the imposition of a sentence below a statutory minimum, if any, pursuant to 18 U.S.C. § 3553(e), or (3) both.  If the cooperation is completed subsequent to sentencing, the government agrees

---

[1]The Court should liberally construe *pro se* pleadings and hold them to a less stringent standard than pleadings drafted by attorneys.  *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003) (quoting *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998)).

[2]Good faith is demonstrated by seeking appellate review of any issue that is not frivolous when judged under an objective standard.  *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Busch v. Cnty. of Volusia*, 189 F.R.D. 687, 691 (M.D. Fla. 1999).  An issue is frivolous when it appears that the legal theories are "indisputably meritless."  *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993).

4

> to consider whether such cooperation qualifies as "substantial
> assistance" in accordance with the policy of the United States
> Attorney for the Middle District of Florida, warranting the
> filing of a motion for reduction of sentence within one year of
> the imposition of sentence pursuant to Fed. R. Crim. P. 35(b).[3]

(Doc. 19 at 5).

To the extent Defendant contends his cooperation was "complete" at the time of

entry into the plea agreement, it was not.  The Plea Agreement specifically provides:

> Based upon the defendant's cooperative status to date, the United
> States agrees to withdraw the notice of enhanced penalties filed
> pursuant to 21 U.S.C. § 851, at the time of sentencing **if the
> defendant has substantially assisted the government.**

*Id.* (emphasis added).

Moreover, as previously noted by the district judge in his Order (Doc. 57), at the

plea hearing the undersigned explained to Defendant the provisions regarding substantial

assistance and had the following exchange:

> But I'm going to tell you that I think that there are basically two
> aspects to this that you need to understand. The first aspect is
> under this heading at Page 4 of Substantial Assistance to be
> Considered. In this section each one of you has agreed to
> cooperate fully and truthfully with the government. You've agreed

---

[3]Section 5K1.1 of the Sentencing Guidelines provides that, "[u]pon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines."  Likewise, 18 U.S.C. § 3553(e) provides that, "[u]pon motion of the Government, the court shall have the authority to impose a sentence below a level established by statute as a minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense."  And, under Rule 35, the district court may, on a motion made by the government within one year of sentencing, reduce a defendant's sentence if the defendant provided substantial assistance in the investigation or prosecution of another person after the defendant was sentenced.  Fed. R. Crim. P. 35(b)(1).

to respond honestly and fully to any reasonable request they make of you. Your plea agreement says that if you do so, it's going – the government is going to consider your cooperation at your sentencing, and at sentencing the government will perhaps make certain recommendations on your behalf related to your substantial assistance. Now, you probably know from talking to your lawyer that substantial assistance is something of a word of art. It has a particular meaning. If you get a recommendation of substantial assistance in cases such as yours, it's perhaps a way for you to avoid a minimum mandatory punishment. So this is an important provision to you. What I want you to understand about this language is that it doesn't guarantee you that you're going to get such a recommendation at your sentencing. If you read the language carefully, the only thing that's really guaranteed – and there's a – Mr. Carson, there's a little bit more on yours, and I'll come back to it. But – but basically in the core language the only thing that's really guaranteed is that the government's going to consider your cooperation. It doesn't promise you that it's going to make a recommendation of substantial assistance. You need to be clear that if it doesn't recommend a reduction by reason of substantial assistance, then you're not going to get that reduction. You're not going to avoid the minimum mandatory by that reason.

. . .

All right. Mr. Carson, in your case because of your cooperation so far, at the bottom of Page 5 the government says that it agrees to withdraw the notice of enhanced penalty that's been filed pursuant to Section 851 at the time of sentencing if you have substantially assisted the government. So you – you got the potential of getting a reduction to a five-year minimum. Is that how this would work?

MS. CHAPA LOPEZ: Yes, Your Honor. And then on top of that if the 5K, whatever, comes.

THE COURT: He might even avoid that?

MS. CHAPA LOPEZ: He might.

THE COURT: Okay. So you got the potential for a double hit here. If you continue to cooperate fully and truthfully, you could get a withdrawal of the notice of enhanced punishment, and you might avoid a mandatory minimum. Do you understand that?

DEFENDANT CARSON: Yes.

THE COURT: Okay. You also understand there ain't any guarantees about this?

DEFENDANT CARSON: Yes.

(Doc. 47 at 40-43).

6

Because his cooperation was not complete, the government was not required to consider whether the Defendant's cooperation warranted the filing of a motion recommending a downward departure nor requiring it to withdraw its notice of enhanced penalties prior to sentencing.  Here, the government did not recommend a downward departure at sentencing (Doc. 50 at 5) and defense counsel acknowledged that substantial assistance was not achieved (*id.* at 9) that would warrant withdrawal.  And, given the wording of the Plea Agreement, the government was not required to recommend downward departure or withdrawal of the notice of enhanced penalties after sentencing.  Such is not inconsistent with the terms of the Plea Agreement.  Contrary to Defendant's suggestion (Doc. 54 at 6), the Plea Agreement did not require the government to withdraw the notice of enhanced penalties at sentencing based on his cooperative status up to the entry of the plea.

Absent a showing that the terms of the Plea Agreement were breached, there exists no arguable basis to support an appeal given the plain terms of the Plea Agreement.  Indeed, Defendant ignores the provision of the Plea Agreement, which states:

> In any case, the defendant understands that the determination as to whether "substantial assistance" has been provided or what type of motion related thereto will be filed, if any, rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that the defendant cannot, and will not, challenge that determination, whether by appeal, collateral attack or otherwise.

(Doc. 19 at 5).

7

Moreover, Defendant did not take an appeal from his judgment and sentence and neither did he raise this issue on his previous Section 2255 motion, although he could have.[4] *See United States v. Al-Arian*, 514 F.3d 1184, 1191 (11th Cir. 2008) (concluding that a § 2255 motion may be used to enforce promises made in a plea agreement).

In sum, Defendant is unable to demonstrate a nonfrivolous issue for appeal with respect to the Order denying his Motion to Compel Specific Performance of Plea Agreement. As such, I find his appeal both frivolous and lacking good faith.

C.

For the reasons stated above, it is **RECOMMENDED** that the Court **DENY** Defendant's construed motion for leave to proceed on appeal with prepayment of fees/costs (Doc. 60) on grounds that the appeal is frivolous and certify that the appeal is therefore not taken in good faith.  It is **RECOMMENDED** further that the Clerk be directed to notify the Court of Appeals of the above ruling in accordance with Rule 24(a)(4) of the Federal Rules of Appellate Procedure.

Respectfully submitted this
11th day of March 2015.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

---

[4]The district judge denied Defendant's Motion to Vacate in March 2014 as time-barred (*see* Doc. 52).

8

**NOTICE TO PARTIES**

Failure to file written objections to this Report and Recommendation within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking such Report and Recommendation before the assigned United States District Judge.  28 U.S.C. § 636(b)(1)(B); M.D. Fla. R. 6.02.

Copies furnished to:
The Honorable Steven D. Merryday, United States District Judge
Counsel of Record
*Pro se* Defendant

9